Matter of TELX New York LLC v Tax Commn. of the City of N.Y. (2021 NY Slip Op 00377)





Matter of TELX New York LLC v Tax Commn. of the City of N.Y.


2021 NY Slip Op 00377


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kern, JJ. 


Index No. 264414/15 Appeal No. 12937 Case No. 2020-02889 

[*1]In the Matter of TELX New York LLC et al., Petitioners-Appellants,
v
The Tax Commission of the City of New York et al., Respondents-Respondents.


Law Office of David M. Wise, P.A., Union (David M. Wise of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Phillip M. Caal of counsel), for respondents.



Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about May 19, 2020, which denied petitioners' motion for partial summary judgment on the double taxation claim and granted respondents' cross motion to dismiss that claim, unanimously affirmed, without costs.
The court correctly dismissed petitioners' claims regarding double taxation based on res judicata (claim preclusion). Contrary to petitioners' argument, the double taxation issue was litigated in a prior action between these parties, which resulted in a final judgment on the merits (the Prior Action)(see Level 3 Communications, LLC v Jiha, 162 AD3d 465 [1st Dept 2018], lv denied 32 NY3d 906 [2018], lv denied 32 NY3d 917 [2019]). While it is true that the motion court in the Prior Action dismissed the double taxation claim on subject matter jurisdiction grounds, this was not the sole reason for dismissal. The court also reviewed and decided that issue on the merits and rejected plaintiffs' statute-based arguments as to the invalidity of the separate assessments that resulted in the alleged improper double taxation. On appeal, this Court affirmed, holding that "[t]o the extent that plaintiffs challenge the tax assessments as excessive, unequal or unlawful, or that their real property was misclassified, the court properly determined that their exclusive remedy was a proceeding pursuant to RPTL article 7" (id. at 465).
Petitioners' contention that based on this Court's order in the Prior Action, the double taxation claim was not determined on the merits but was dismissed solely on subject matter jurisdiction grounds is unavailing. This Court's reference to an RPTL Article 7 proceeding concerned the specific challenge to the actual tax assessments (id. at 465 [citing RPTL 700, 706; Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204 [1991]), not determinations concerning the legal issue of whether the policies leading to the assessments and the resulting taxes were legally adopted, validly implemented, and led to lawful outcomes. Additionally, this Court's finding that the motion court in the Prior Action properly dismissed the "remaining claims, including [the] speculative challenges to the method employed in the assessments and the constitutionality of the tax itself" (Level 3 Communications, LLC, 162 AD3d at 465) necessarily encompassed the merits of whether the separate assessments leading to the alleged double taxation are legally proper. Since petitioners' claim that the policy and practice of separate assessments leads to an unlawful double
taxation was considered and rejected in the Prior Action, res judicata precludes this claim from being relitigated based on the same or new arguments raised in this proceeding (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021